UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL BENNETT, COLLEEN BENNETT, RAYMOND A. BROGGER, PHYLLIS BROGGER, MICHAEL G. NEWAGO, SHERRI L. NEWAGO, DONALD FINN, LOIS NORTHBIRD, SHARON BURNETTE, GARY L. CHASTEK, LOUIS E. FOURNIER, GLORIA J. FOURNIER, WAYNE D. FRAZER, ELAINE BOHN GANGELHOFF, GARY G. GEHRKE, DELORES HOUGH, KARL HUMPHREY, LORI HUMPHREY, IVA LADUKE, DUANE A. MULLER, WANDA MULLER, MARIA REA, JANE REA, TODD M. STAPLES, BLANCA DURAN, JOHN R. UTLEY, RUTH A.M. WITTNER, and MICHELLE WORCESTER, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL PAPER COMPANY and BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, <br><br> Defendants. | Case No. 05-CV-0038 (PJS/RLE) <br><br><br><br><br><br> ORDER DENYING MOTION <br> FOR CERTIFICATION <br> UNDER 28 U.S.C. § 1292(b) |

Sharon L. Van Dyck, VAN DYCK LAW FIRM; James P. Carey and Shannon C. Keil, SIEBEN, GROSE, VON HOLTUM & CAREY, LTD; Gary M. Hazelton, HAZELTON LAW FIRM PLLC; and William J. Delmore, KELSCH KELSCH RUFF & KRANDA, for plaintiffs.

Patrick W. Dennis, GIBSON DUNN & CRUTCHER LLP; Joseph W. Anthony, Cheryl A. Stanton, and Courtland C. Merrill, ANTHONY OSTLUND BAER & LOUWAGIE P.A.; and Rick R. Rothman and Tiffany R. Hedgpeth, BINGHAM MCCUTCHEN LLP, for defendant International Paper Company.

Timothy R. Thornton, Timothy G. Gelinske, and Matthew R. Brodin, BRIGGS & MORGAN, P.A., for defendant Burlington Northern and Santa Fe Railway Company.

Defendant International Paper Company ("IP") operated a wood-treatment plant in Cass Lake, Minnesota, on land leased from defendant Burlington Northern and Santa Fe Railway

Company ("BNSF"). Plaintiffs own property near the site of the former wood-treatment plant. Plaintiffs bring claims against IP and BNSF, alleging that their property was contaminated by hazardous waste released by IP during its operation of the plant.

Defendants recently moved for summary judgment, arguing that all of plaintiffs' claims are barred by a six-year statute of limitations. The Court denied defendants' motion, finding that whether plaintiffs' claims accrued more than six years before they filed suit is a factual issue that must be resolved by a jury. Defendants now ask the Court to certify its order denying summary judgment for an immediate interlocutory appeal under 28 U.S.C. § 1292(b).

Section 1292(b) states, in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order[.]

Section 1292(b) thus establishes three criteria for certification: (1) the order must involve a controlling question of law; (2) there must be a substantial ground for difference of opinion on that question of law; and (3) certification would materially advance the ultimate termination of the litigation. *See Union County, Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008). Interlocutory appeals are discouraged and should be granted only sparingly and in extraordinary cases. *Id.*

The Court's order denying summary judgment does not meet the criteria necessary for certifying an appeal under § 1292(b). Most obviously, the order does not involve a controlling

question of law on which there is a substantial ground for difference of opinion. To the contrary, as the Court described in its order, the parties *agreed* on the controlling legal standards:

> The parties now agree that, pursuant to 42 U.S.C. § 9658 . . . , the "discovery rule" determines the date on which plaintiffs' causes of action accrued. The parties agree that plaintiffs' claims accrued, and the six-year statute of limitations began to run, when plaintiffs knew, or reasonably should have discovered, that they had suffered a legally compensable injury as a result of their land being contaminated by the release of hazardous substances at the Site.

Docket No. 449 at 7. Thus, "the sole question before the Court [was] whether a reasonable jury could find that plaintiffs lacked actual or imputed knowledge that their property was contaminated until on or after January 6, 1999 (for the original plaintiffs) or June 18, 2001 (for the additional plaintiffs)." Docket No. 449 at 10.

Obviously, then, the dispute between the parties is not a dispute about the applicable legal standards; instead, it is a prosaic dispute about whether the plaintiffs have submitted evidence sufficient to permit a jury to find in their favor under agreed-upon legal standards. This is plainly not the kind of question appropriate for § 1292(b) certification. If it were, interlocutory appeals, instead of being "extraordinary," would be appropriate in the vast majority of cases in which a court denies summary judgment.[1]

Defendants' motion for certification is therefore denied.

---

[1] As an aside, the Court notes that the Eighth Circuit recently reversed a grant of summary judgment for defendants in a similar case. *See Harry Stephens Farms, Inc. v. Wormald Americas, Inc.*, No. 07-3547, 2009 WL 1706629, at *1 (8th Cir. June 19, 2009) (holding that, despite plaintiffs' longstanding "worry" and "concern" about possible contamination of their property, "a genuine issue remains as to whether plaintiffs knew or reasonably should have known before June 9, 2003, that their property had suffered a remediable injury as a result of defendants' actions on neighboring property").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendants' motion for certification under 28 U.S.C. § 1292(b) [Docket Nos. 459, 463] is DENIED.

Dated: July 6, 2009

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge